DIVAN BUILDERS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. PLANNING BOARD OF THE TOWNSHIP OF WAYNE, *ET ALS*., DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 21, 1974—Decided February 8, 1974.

Before Judges Lynch, Mehler and Michels.

*Mr. Robert S. Moraff,* argued the cause for appellant.

*Mr. Ronald B. Sokalski,* argued the cause for respondent (*Messrs. Corrado, Corcoran & Sokalski,* attorneys; *Mr. Sokalski,* of counsel and on the brief).

Per Curiam. The judgment of the Law Division is affirmed essentially for the reasons set forth in the opinion of Judge Schwartz, 122 *N. J. Super.* 508 (Law Div. 1973).

We also point out that even though respondent did not challenge the adequacy of the standard established by Ordinance No. 69 for the allocation of the costs of the off-site improvement to properties in the area to be served by the improvement, counsel for appellant conceded at oral argument that as a result of the bond ordinance (No. 108) other properties to be developed in the future and serviced by such improvement may not be assessed or charged a proportionate share of the cost of the off-site drainage improvement here

involved. The bond ordinance (No. 108) expressly provides that the drainage system improvement is a general improvement, and that "no part of the cost thereof has been or shall be specially assessed on property specially benefited thereby." Thus, only respondent and one other subdivider which also paid $20,000 as required by appellant have been or will have been required to pay any portion of the cost of the off-site drainage improvement even though other undeveloped properties will be equally benefited thereby. This obviously is discriminatory, and this case, therefore, does not present a proper factual pattern to consider the argument advanced by appellant that the Municipal Planning Act, *N. J. S. A.* 40:55–1.1, *et seq.,* empowers a municipality to impose upon a subdivider as a planning matter the requirement to install or contribute to the cost of off-site improvements. *Cf., Longridge Builders, Inc. v. Planning Bd. of Princeton Tp., 52 N. J.* 348, 350 (1968).